```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
        FLORENCE DIVISION
```

| | | |
|---|---|---|
| PERRY BUCHANAN, | ) | C/A No.: 4:17-cv-01490-MGL-TER |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **Report and Recommendation** |
| D. DUNLAP, WARDEN, | ) | |
| Respondent. | ) | |

Petitioner, Perry Buchanan (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 6, 2017. (Doc. #1). Respondent filed a motion for summary judgment on August 7, 2017, along with a return and memorandum. (Docs. #12 and #13). The undersigned issued an order filed August 7, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #14). Plaintiff failed to file a response.[2]

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] Petitioner filed a notice of change of address with the court on June 28, 2017. (Doc. #10). Respondent asserts in its memorandum that Petitioner was released from the South Carolina Department of Corrections' custody and began parole on June 15, 2017, and his supervision is set to end on September 1, 2018. (Doc. # 12 at 1). However, Respondent notes that the "in

# RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to

---

custody" requirement of 28 U.S.C. §2254 was satisfied at the time of the filing of the action and remains satisfied as Petitioner is subject to the conditions of his parole. Id.

respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 18, 2017
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.